# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### August 23, 2011 Session

## IN RE: BRITTANY M.A.

**Appeal from the Juvenile Court for Wilson County**
**No. 00-JWC-113      Hon. John T. Gwin, Judge**

---

**No. M2010-02173-COA-R3-JV - Filed October 5, 2011**

---

The petition filed by the father asked that the father become primary residential parent of the child, and that child support be set pursuant to Tennessee child support guidelines. At an evidentiary hearing, the Trial Judge granted the father temporary custody of the child and gave the mother parenting time with the child on two weekends each month. The father's obligation of child support was suspended, and the Trial Court set the matter for further hearing five months later. At the conclusion of that hearing the Trial Court determined that the mother's income was "not less than $90,000.00 per year" and ordered child support and a back judgment *pendente lite* for child support. The mother appealed. We hold the Trial Court's Judgment should be modified because the evidence does not support income at the level set by the Trial Court. We modify the amount downward to $52,000.00 a year and remand for the purposes of establishing child support in accordance with these guidelines.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Juvenile Court Affirmed, as Modified.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, J., and JOHN W. MCCLARTY, J., joined.

Lewis A. Williams, Nashville, Tennessee, for the appellant, S.D.C.

C. Tracey Parks, Lebanon, Tennessee, for the appellee, J.W.A.

# OPINION

Appellant, S.D.C. (Mother), and Appellee, J.W.A. (Father), are the parents of Brittany M. A.

An agreed order was entered in the Juvenile Court of Wilson County on February 7, 2001, establishing the paternity of the father and granting him visitation with the child every other weekend. The father was ordered to pay the mother $35.00 a week for child support.

On February 4, 2010 the father filed a petition in the Court asking that he be named the primary residential parent of the child and that child support be set pursuant to the Tennessee Child Support Guidelines. He alleged that there had been material and substantial changes in circumstances since the 2001 order was entered and that it would be in the best interest of the child to reside with him.

Following a hearing on February 25, 2010 the Trial Court entered an order awarding the father temporary custody of the child. The mother was granted parenting time with the child two weekends each month, and the father's child support obligation was suspended. The order provided the matter would be reviewed by the Court on or before July 15, 2010.

A subsequent hearing was held on July 26, 2010 wherein the mother and father testified as well as the child, various family members and one of the child's teachers. Following the hearing the Trial Court ordered that the father was to be the permanent primary residential parent, and the mother would have parenting time every other weekend from Friday afternoon until Sunday evening. The Court found, based solely on the mother's testimony, that she worked as a dancer at an adult entertainment venue in Greenville, South Carolina on weekends and that she averaged between $2,000.00 and $1,500.00 per two or three days of weekend employment. The Court noted that the mother had testified that she had made as much as $3,500.00 over one weekend. On that basis, the Court concluded that the mother's gross income was "not less than $90,000.00 per year" and made this finding for the purposes of calculating child support to be paid by the mother to the father. The Court granted the father a monetary judgment of $4,341.71 against the mother for *pendente lite* child support, and the mother was ordered to pay $818.00 for child support each month.

The mother has appealed, and the only issue raised on appeal is the Trial Court's determination of the mother's income and calculation of the award of retrospective and prospective child support based on the Trial Court's determination.

The evidence presented at the hearing that is pertinent to this appeal is the testimony

of the mother who works as a dancer at the Platinum Plus Gentlemen's Club in Greenville, South Carolina. The mother, the child, and a younger child lived with the mother's parents. She has worked as a dancer in clubs for the past seven years and at Platinum Plus for two years. She testified that she works at the club from Friday until early Monday morning. She leaves home early on Friday mornings, drives five hours to Greenville, works the weekend and then drives home once she finishes work on Monday morning. The mother's parents take care of the children while the mother is away working. The mother explained that she worked every weekend until the Trial Court granted the father temporary custody on February 25, 2010. Because the mother was granted parenting time every other weekend by the order, she stated that she had elected to limit her work to the weekends the child was not with her. The mother and her mother both testified that she did not work on the weekends when she had custody of the child.

The Trial Court's only evidence for the purpose of calculating child support was based solely on the mother's testimony as no other evidence was presented on this issue. The mother stated, without contradiction, that her average income per weekend was anywhere from $1,500.00 to $2,000.00 although she had made as little as $1,200.00 and on one weekend made $3,500.00.

The issues are:

A.    Whether the Trial Court abused its discretion when it found the mother's gross income was not less than $90,000.00 per year for child support purposes?

B.    Whether the Trial Court abused its discretion by not imputing the statutorily mandated income for child support purposes?

This Court in *State ex rel. Vaughn v. Kaatrude,* 21 S.W.3d 244 (Tenn. Ct. App. 2000) discussed the standard for review of a trial court's setting of child support as follows:

Setting child support is a discretionary matter. *See State ex rel. Coleman v. Clay,* 805 S.W.2d 752, 755 (Tenn. 1991). Accordingly, we review child support decisions using the deferential "abuse of discretion" standard of review. This standard requires us to consider (1) whether the decision has a sufficient evidentiary foundation, (2) whether the court correctly identified and properly applied the appropriate legal principles, and (3) whether the decision is within the range of acceptable alternatives. *See BIF v. Service Constr. Co.,* No. 87–136–II, 1988 WL 72409 at *2 (Tenn. Ct. App. July 13, 1988)(No Tenn.R.App.P. 11 application filed). While we will set aside a discretionary decision if it rests on an inadequate evidentiary foundation or if it is contrary to the governing law, we will not substitute our judgment for that of the trial court merely

because we might have chosen another alternative.

*Vaughn* at 248.

Accordingly, we are required to determine whether the Trial Court abused its discretion when it determined the mother's gross income.

In her testimony, the mother said that in the event the father was awarded permanent custody and her visitation remained every other weekend, she would continue to work just the weekends when she did not have the child. The mother also explained how her income was derived. She stated it came from cash tips and that she worked as an independent contractor. The father did not present any evidence regarding the mother's income, nor was her testimony regarding her earnings challenged on cross-examination by the father's counsel.

The Trial Court's finding of the mother's income did not include any reason or analysis for its conclusion. It appears that the Trial Court based its finding on the Mother's testimony that on one weekend in July 2010 she had made $3,500.00[1] in tips when it found that her income was not less than $90,000.00. This conclusion is not supported by the evidence. The Trial Court's income determination was not based on a sufficient evidentiary foundation nor was it within the range of acceptable alternatives. We conclude the Trial Court abused its discretion in its determination of the mother's income. The evidence clearly preponderates and it is reasonable to conclude that the mother's average income based on a $2,000.00 average per weekend is $52,000.00 per years.

The mother argues that in determining gross income for purposes of establishing an order for child support a court is required to follow the clear rules promulgated by the Child Support Guidelines. Tenn. Comp. R. & Regs. 1240-02-04-.04(3)(a)2(i)(I),(II) and (III) which provides:

When Establishing an Initial Order:

I. If a parent fails to produce reliable evidence of income (such as tax returns for prior years, check stubs, or other information for determining current ability to support or ability to support in prior years for calculating retroactive support); and

II. The tribunal has no reliable evidence of the parent's income or income potential;

---

[1] $3,500 x 26 = $91,000.

III. Then, in such cases, gross income for the current and prior years shall be determined by imputing annual gross income of thirty-seven thousand five hundred eight-nine dollars ($37,589) for male parents and twenty-nine thousand three hundred dollars ($29,300) for female parents. These figures represent the full time, year round workers' median gross income, for the Tennessee population only, from the American Community Survey of 2006 from the U.S. Census Bureau.

Tenn. Comp. R. & Regs. Rule 1240–02–04–.04(3)(a)(2)(iv)(2008).

The mother further argues that the evidence produced by her as to her income is unreliable because she provided an average of her gross income and not her net income, which would be the gross income minus her job related expenses. However, the mother, who was represented by counsel at the hearing, had an opportunity to testify regarding employment related expenses, which she did not do. Her argument on appeal to reduce her income on expenses which she did not establish at trial, is without merit.

We discussed the statutory imputation of income under the Child Support Guidelines in *Brewer v. Brewer*, M2005-02844-COA-R3-CV, 2007 WL 3005346 (Tenn. Ct. App. Oct. 15, 2007), noting that courts may impute income for purposes of child support when "there is no reliable evidence of a parent's income" under Tenn. Comp. R. & Regs. 1240-2-4-.04(3)(a)(2)(i). The Court stated that although the Rule specifically points to tax returns for prior years and paycheck stubs as reliable evidence, the Rule also expressly anticipates that other information may be used as reliable evidence insofar as it allows the court to determine a parent's current ability to support. The Court went on to say that courts, however, may not impute income for purposes of child support when reliable evidence of a parent's income has been presented and that the plain language of the Rule indicates that the median income amount is to be used as a fall back only when the court has no other reliable evidence of the obligor's income or income potential. *Brewer* at *8 (citing *State ex rel. Rion v. Rion,* No. 01A01-9704-CV-00194, 1997 WL 796212 at *2 (Tenn. Ct. App. Dec. 31, 1997)).

We hold that the evidence presented was sufficiently reliable to determine the mother's gross income and there is no basis to impute to her an income of $29,300.00, as she urges the Court to do.

In sum, the Trial Court abused its discretion when it held the mother's gross income was no less than $90,000.00 a year. The preponderance of the evidence is that she averaged much less than this amount. Our determination of her annual income is $52,000.00 per year, and we remand to the Trial Court to recompute the retroactive and prospective child support to be paid by the mother, based on an income of $52,000.00, per annum.

The cost of the appeal is assessed one-half to the father and one-half to the mother.

_____
HERSCHEL PICKENS FRANKS, P.J.